DIXON *v.* HARRISON NAVAL STORES, INC., *et al.**

(Division B.   Sept. 27, 1926.)

[109 So. 605.   No. 25398.]

ASSAULT AND BATTERY.

> Liability for personal tort of one unlawfully assaulting another, charging him with being thief, and taking his property from him, is not limited to nominal damages because he acted in good faith, using no more force than necessary.

*Corpus Juris-Cyc References:   Assault and Battery, 5CJ, p. 701, n. 6; p. 702, n. 11.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.·

Action by Hilary Dixon, a minor, by next friend, Mrs. O. H. Dixon, against the Harrison Naval Stores, Inc., and another.  From a judgment for nominal damages only, plaintiff appeals.  Reversed and remanded.

(638)

*Mize & Mize* and *C. B. Adam,* for appellant.

The court erred in giving instruction No. 2 for defendant. The instruction is erroneous; first, because it is misleading; and, second, because there is no evidence on which to base it.

It is misleading in that it states that if the jury believes that *"in so doing, the defendant acted in good faith, etc."* What is meant by "acting in good faith," and towards whom and in what respect, is not set out in the instruction; nor is there anything in the record that would show that the defendant acted in good faith, or that there was any good faith on the part of defendants in the case.

The defendant Frantz admitted that he took the tea away from plaintiff and at a time when the plaintiff was telling him that he had bought the tea from Glennan's store, which the evidence shows was only a short distance from the Piggly Wiggly and defendant could very easily have ascertained, either by telephone or by sending there, whether or not the boy had stolen the tea or whether he had bought and paid for it at Glennan's and was telling the truth; but, instead of doing this, he told the boy, and admitted that he told him, that he had taken the package of tea from their shelf and took the tea forcibly away from the boy and put it on the shelf, where it remains to this day unless it has been sold.

So there is no question of good faith in this cause of action whatever; and this misleading instruction tells the jury that if they believe defendant acted in good faith and without malice and oppression and used no greater force than was reasonable under the circumstances, they could only find for *nominal damages* even though they found for the plaintiff.

Next, there is no evidence on which to base this instruction as to acting in good faith and without malice or oppression and using no greater force than was reasonable under the circumstances, because the defendant

had absolutely no right whatever to use any force; had no right whatever to take the tea from the boy; and was guilty of the very grossest negligence in snatching the package of tea from the little fellow when the boy was telling him that he had bought the tea at Glennan's store, and which defendant could have verified merely by stepping to the telephone.

This instruction takes away from the jury the right to allow the plaintiff any damages whatever for the wrong that was done him, and the mental suffering and humiliation that he endured as a result of this wrong. The testimony shows that the little fellow went home crying because he had been so grossly mistreated.

The jury should have been left free to assess whatever actual damages it thought, under the evidence, the plaintiff had endured and which would compensate him for the wrong committed upon him.

The defendant's own evidence shows that Frantz wrongfully took the tea away from the boy, that he wrongfully accused him of stealing the tea; and that being true, the only inference is that he was guilty of such gross negligence that it was tantamount to wilfulness; and, under this state of facts, mental suffering and humiliation are elements of damages. *W. U. Tel. Co.* v. *Rodgers,* 68 Miss. 748 at 755.

*W. L. Guice* and *J. L. Heiss,* for appellees.

In dealing with the hundreds of people who made up the customers of this groceryman, he undoubtedly had come into contact with this type of boy and had found that it was necessary to have rules that would govern their conduct in his store. Having these rules, he certainly was suspicious of anyone who violated them and in the case at bar he testified, and the jury had a right to believe, that this boy had violated the rule, even though he had not been guilty of any other misconduct.

There was no attack or assault upon the boy except that the tea was requested, and it was returned by the

boy; and when the case came up for trial, all the evidence was given before a jury which was presumed to be fair, and this jury, composed of men who, most probably, or, at least some of them, had boys of their own, found the verdict complained of. The only possible error complained of was the giving of the instruction as to punitive damages; but if this instruction had been refused, the jury could have and most probably would have returned the same verdict.

There was nothing in the instruction complained of that was misleading. Their verdict was fair and just. It is not in every case that a large verdict could and should be returned. Substantial justice had been done, and the instruction complained of constitutes no error, which would justify a reversal of this cause.

ANDERSON, J., delivered the opinion of the court.

Appellant, Hilary Dixon, minor, by his mother as next friend, brought this action in the circuit court, of Harrison county against appellees, Harrison Naval Stores, Inc., and John Frantz, for a personal tort alleged to have been suffered by him at the hands of appellees, and recovered a judgment for one dollar, from which judgment he prosecutes this appeal.

At the time of the injury complained of appellant was a minor twelve years of age. Appellee, Harrison Naval Stores, Inc., was a corporation engaged in the retail grocery business. It was operating what is known as a Piggly Wiggly store in the city of Biloxi, and appellee Frantz was the manager of such business. Appellant's evidence tended to make the following case:

About the 1st of September, 1924, appellant's mother sent him into the city of Biloxi to buy a loaf of bread and a package of tea. Appellant went to Glennan's grocery store and bought the package of tea and asked for the bread, and was there informed that Glennan did not keep the kind of bread he wanted (Bond bread),

143 Miss.—16.

and was directed to go to the Piggly Wiggly store to get the bread. Appellant paid Glennan for the tea and went to the Piggly Wiggly store, carrying the tea with him back in the store, where he got a loaf of Bond bread. He thereupon came back to the pay counter, where appellee, Frantz, the manager, was, and said to Frantz that he had gotten the bread in that store, but had gotten the tea at Glennan's, in reply to which Frantz told him, in substance, that his statement was not true; that he had gotten the tea from the Piggly Wiggly store; that he could not steal, and get away with it that way, at the same time jerking the package of tea from appellant, which he retained and put on the shelf in the Piggly Wiggly store.

Appellee's evidence tended to show that appellee Frantz spoke kindly to the appellant; that he used no force in taking the package of tea away from him; that in doing so he acted in good faith, believing that appellant had stolen the package of tea from the Piggly Wiggly store.

At the request of appellee the court gave the following, among other instructions:

"The court instructs the jury, for the defendant, that if the jury believe from the evidence that the defendant Frantz took away from the boy Dixon the tea, as alleged in the declaration, without having a right there to do, still if the jury further believe that in so doing the said defendant acted in good faith and without malice and oppression, and used no greater force than was reasonable under the circumstances, then the jury can only find for nominal damages, even though the jury find for the plaintiff."

Appellant argues that the giving of that instruction is such an error as ought to work a reversal of the judgment. It will be observed that by the instruction the court told the jury, in substance, that, even though appellee Frantz had no right to take the package of tea from appellant, still if in doing so he acted without malice, and used no more force than was reasonable under the

circumstances, then the jury could only find nominal damages. Evidently the jury was influenced by this instruction to return the verdict they did, which was for only nominal damages. We are of opinion that the giving of the instruction was error; that it is not the law that one person may, even in good faith, using no more force than is necessary, unlawfully assault another, charge him with being a thief, and take his property away from him, and escape liability for only nominal damages. A person guilty of such conduct acts at his peril. He must *know* he is dealing with a thief. If he makes a mistake, he must suffer the consequences. The injury to the party assaulted and abused is equally as grave, whether the wrong against him was committed knowingly or innocently. If there be any degree of difference, the wrong done in good faith is calculated to do greater harm. It follows, from these views, that the court erred in giving that instruction.

*Reversed and remanded.*